EXHIBIT F



Federal
Bureau of
Investigation

# National Crime Information Center (NCIC)

**National Crime Information Center**
**Criminal Justice Information Services (CJIS) Division**
**1000 Custer Hollow Road**
**Clarksburg, West Virginia 26306**
**Hours of Service: 9:00 a.m. - 5:00 p.m.**
**Telephone: (304) 625-2000**

NCIC is a computerized index of criminal justice information (i.e.- criminal record history information, fugitives, stolen properties, missing persons). It is available to Federal, state, and local law enforcement and other criminal justice agencies and is operational 24 hours a day, 365 days a year.

**PURPOSE:** The purpose for maintaining the NCIC system is to provide a computerized database for ready access by a criminal justice agency making an inquiry and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals. This information assists authorized agencies in criminal justice and related law enforcement objectives, such as apprehending fugitives, locating missing persons, locating and returning stolen property, as well as in the protection of the law enforcement officers encountering the individuals described in the system.

**ACCESS CONSTRAINTS:** All records in NCIC are protected from unauthorized access through appropriate administrative, physical, and technical safeguards. These safeguards include restricting access to those with a need to know to perform their official duties, and using locks, alarm devices, passwords, and/or encrypting data communications.

**USE CONSTRAINTS:** Users of the NCIC system will be restricted to only those privileges necessary to perform an authorized task(s).

**AGENCY PROGRAM:** The FBI is authorized to acquire, collect, classify and preserve identification, criminal identification, crime, and other records and to exchange such information with authorized entities.

**SOURCES OF DATA:** Data contained in NCIC is provided by the FBI, federal, state, local and

foreign criminal justice agencies, and authorized courts.

The most recent iteration of NCIC became operational on July 11, 1999 at the FBI's Criminal Justice Information Services Division in Clarksburg, West Virginia. A recent hardware upgrade to the NCIC system is responsible for this significant improvement in performance.

## Categories of individuals covered by the system:

```
A. Wanted Persons: 1. Individuals for whom Federal warrants are
outstanding.
2. Individuals who have committed or have been identified with an
offense which is classified as a felony or serious misdemeanor under
the existing penal statutes of the jurisdiction originating the entry
and for whom a felony or misdemeanor warrant has been issued with
respect to the offense which was the basis of the entry. Probation and
parole violators meeting the foregoing criteria.
3. A "Temporary Felony Want" may be entered when a law enforcement
agency has need to take prompt action to establish a "want" entry
for the apprehension of a person who has committed or the officer has
reasonable grounds to believe has committed, a felony and who may seek
refuge by fleeing across jurisdictional boundaries and circumstances
preclude the immediate procurement of a felony warrant. A "Temporary
Felony Want" shall be specifically identified as such and subject to
verification and support by a proper warrant within 48 hours following
the entry of a temporary want. The agency originating the "Temporary
Felony Want" shall be responsible for subsequent verification or re-
entry of a permanent want.
4. Juveniles who have been adjudicated delinquent and who have escaped
or absconded from custody, even though no arrest warrants were issued.
Juveniles who have been charged with the commission of a delinquent
act that would be a crime if committed by an adult, and who have fled
from the state where the act was committed.
5. Individuals who have committed or have been identified with an
offense committed in a foreign country, which would be a felony if
committed in the United States, and for whom a warrant of arrest is
outstanding and for which act an extradition treaty exists between the
United States and that country.
6. Individuals who have committed or have been identified with an
offense committed in Canada and for whom a Canada-Wide Warrant has
been issued which meets the requirements of the Canada-U.S.
Extradition Treaty, 18 U.S.C. 3184.
B. Individuals who have been charged with serious and/or significant
offenses:
1. Individuals who have been fingerprinted and whose criminal history
record information has been obtained.
2. Violent Felons: Persons with three or more convictions for a
violent felony or serious drug offense as defined by 18 U.S.C.
Sec. 924(e).
C. Missing Persons: 1. A person of any age who is missing and who is
under proven physical/mental disability or is senile, thereby
subjecting that person or others to personal and immediate danger.
2. A person of any age who is missing under circumstances indicating
that the disappearance was not voluntary.
3. A person of any age who is missing under circumstances indicating
that that person's physical safety may be in danger.
4. A person of any age who is missing after a catastrophe.
5. A person who is missing and declared unemancipated as defined by
the laws of the person's state of residence and does not meet any of
```

the entry criteria set forth in I-4 above.
D. Individuals designated by the U.S. Secret Service as posing a potential danger to the President and/or other authorized protectees.
E. Members of Violent Criminal Gangs: Individuals about whom investigation has developed sufficient information to establish membership in a particular violent criminal gang by either:
1. Self admission at the time of arrest or incarceration, or
2. Any two of the following criteria:
a. Identified as a gang member by a reliable informant;
b. Identified as a gang member by an informant whose information has been corroborated;
c. Frequents a gang's area, associates with known members, and/or affects gang dress, tattoos, or hand signals;
d. Has been arrested multiple times with known gang members for offenses consistent with gang activity; or
e. Self admission (other than at the time of arrest or incarceration).
F. Members of Terrorist Organizations: Individuals about whom investigations has developed sufficient information to establish membership in a particular terrorist organization using the same criteria listed above in paragraph E, items 1 and 2 a-e, as they apply to members of terrorist organizations rather than members of violent criminal gangs.
G. Unidentified Persons: 1. Any unidentified deceased person. 2. Any person who is living and unable to ascertain the person's identity (e.g., infant, amnesia victim). 3. Any unidentified catastrophe victim. 4. Body parts when a body has been dismembered.

## Categories of records in the system:

A. Stolen Vehicle File: 1. Stolen vehicles. 2. Vehicles wanted in conjunction with felonies or serious misdemeanors. 3. Stolen vehicle parts including certificates of origin or title.
B. Stolen License Plate File.
C. Stolen Boat File.
D. Stolen Gun File: 1. Stolen guns. 2. Recovered guns, when ownership of which has not been established.
E. Stolen Article File.
F. Securities File: 1. Serially numbered stolen, embezzled or counterfeited, securities.
2. "Securities" for present purposes of this file are currently (e.g., bills, bank notes) and those documents or certificates which generally are considered to be evidence of debt (e.g., bonds, debentures, notes) or ownership of property (e.g., common stock, preferred stock), and documents which represent subscription rights, warrants and which are of the types traded in the securities exchanges in the United States, except for commodities futures. Also, included are warehouse receipts, travelers checks and money orders.
G. Wanted Person File: Described in "CATEGORIES OF INDIVIDUALS COVERED BY THE SYSTEM. A. Wanted Persons, 1-4."
H. Foreign Fugitive File: Identification data regarding persons who are fugitives from foreign countries, who are described in
"

**Categories of individuals covered by the system:** A. Wanted Persons,
5 and 6."
I. Interstate Identification Index File: A cooperative Federal-state program for the interstate exchange of criminal history record information for the purpose of facilitating the interstate exchange of

such information among criminal justice agencies: Described in
"

**Categories of individuals covered by the system:** B. 1."
  J. Identification records regarding persons enrolled in the United
  States Marshals Service Witness Security Program who have been charged
  with serious and/or significant offenses: Described in "CATEGORIES OF
  INDIVIDUALS covered by the system: B."
  K. Bureau of Alcohol, Tobacco, and Firearms (BATF) Violent Felon File:
  Described in "

**Categories of individuals covered by the system:** B.
  2."
  L. Missing Person File: Described in "CATEGORIES OF INDIVIDUALS
  covered by the system: C. Missing Persons."
  M. U.S. Secret Service Protective File: Described in "CATEGORIES OF
  INDIVIDUALS covered by the system: D."
  N. Violent Criminal Gang File: A cooperative Federal-state program for
  the interstate exchange of criminal gang information. For the purpose
  of this file, a "gang" is defined as a group of three or more
  persons with a common interest, bond, or activity characterized by
  criminal or delinquent conduct. Described in "CATEGORIES OF
  INDIVIDUALS covered by the system: E. Members of Violent Criminal
  Gangs."
  O. Terrorist File: A cooperative Federal-state program for the
  exchange of information about terrorist organizations and individuals.
  For the purposes of this file, "terrorism" is defined as activities
  that involve violent acts or acts dangerous to human life that are a
  violation of the criminal laws of the United States or any state or
  would be a criminal violation if committed within the jurisdiction of
  the United States or any state, which appear to be intended to:
  1. Intimidate or coerce a civilian population,
  2. Influence the policy of a government by intimidation or coercion,
  or
  3. Affect the conduct of a government by crimes or kidnapping.
  Described in "

**Categories of individuals covered by the system:** F.
  Members of Terrorist Organizations."
  P. Unidentified Person File: Described in "CATEGORIES OF INDIVIDUALS
  covered by the system: G. Unidentified Persons."

**Authority for maintenance of the system:** The system is established and maintained in accordance with 28 U.S.C. 534; Department of Justice Appropriation Act, 1973, Pub. L. 92-544, 86 Stat. 1115, Securities Acts Amendment of 1975, Pub. L. 94-29, 89 Stat. 97; and 18 U.S.C. Sec. 924 (e). Exec. Order No. 10450, 3 CFR (1974).

**Purpose(s):** The purpose for maintaining the NCIC system of record is to provide a computerized data base for ready access by a criminal justice agency making an inquiry and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals. This information assists authorized agencies in criminal justice objectives, such as apprehending fugitives, locating missing persons, locating and returning stolen property, as well as in the protection of the law enforcement officers encountering the individuals described in the system.

**Routine uses of records maintained in the system, including categories of users and the**

**purposes of such uses:** Data in NCIC files is exchanged with and for the official use of authorized officials of the Federal Government, the States, cities, penal and other institutions, and certain foreign governments. The data is exchanged through NCIC lines to Federal criminal justice agencies, criminal justice agencies in the 50 States, the District of Columbia, Puerto Rico, U.S. Possessions and U.S. Territories. Additionally, data contained in the various "want files," i.e., the stolen vehicle file, stolen license plate file, stolen gun file, stolen article file, wanted person file, securities file, boat file, and missing person data may be accessed by the Royal Canadian Mounted Police. Criminal history data is disseminated to non-criminal justice agencies for use in connection with licensing for local/state employment or other uses, but only where such dissemination is authorized by Federal or state statutes and approved by the Attorney General of the United States.

Data in NCIC files, other than the information described in "Categories of records in the system: I, J, K, M, N, and O," is disseminated to (1) a nongovernmental agency subunit thereof which allocates a substantial part of its annual budget to the administration of criminal justice, whose regularly employed peace officers have full police powers pursuant to state law and have complied with the minimum employment standards of governmentally employed police officers as specified by state statute; (2) a noncriminal justice governmental department of motor vehicle or driver's license registry established by a statute, which provides vehicles registration and driver record information to criminal justice agencies; (3) a governmental regional dispatch center, established by a state statute, resolution, ordinance or Executive order, which provides communications services to criminal justice agencies; and (4) the national Automobile Theft Bureau, a nongovernmental nonprofit agency which acts as a national clearinghouse for information on stolen vehicles and offers free assistance to law enforcement agencies concerning automobile thefts, identification and recovery of stolen vehicles.

Disclosures of information from this system, as described above, are for the purpose of providing information to authorized agencies to facilitate the apprehension of fugitives, the location of missing persons, the location and/or return of stolen property, or similar criminal justice objectives.

Information on missing children, missing adults who were reported missing while children, and unidentified living and deceased persons may be disclosed to the National Center for Missing and Exploited Children (NCMEC). The NCMEC is a nongovernmental, nonprofit, federally funded corporation, serving as a national resource and technical assistance clearinghouse focusing on missing and exploited children. Information is disclosed to NCMEC to assist it in its efforts to provide technical assistance and education to parents and local governments regarding the problems of missing and exploited children, and to operate a nationwide missing children hotline to permit members of the public to telephone the Center from anywhere in the United States with information about a missing child.

In addition, information may be released to the news media and the public pursuant to 28 CFR 50.2, unless it is determined that release of the specific information in the context of a particular case would constitute an unwarranted invasion of personal privacy;

To a Member of Congress or staff acting upon the member's behalf whom the member or staff requests the information on behalf of and at the request of the individual who is the subject of the record; and,

To the National Archives and Records Administration and the General Services Administration in records management inspections conducted under the authority of 44 U.S.C. Sec. Sec. 2904

and 2906.

## System Maintenance Policies

**Storage:** Information maintained in the NCIC system is stored electronically for use in a computer environment.

**Retrievability:** On line access to data in NCIC is achieved by using the following search descriptors:

```
A. Stolen Vehicle File:
1. Vehicle identification number;
2. Owner applied number;
3. License plate number;
4. NCIC number (unique number assigned by NCIC computer to each NCIC
record.)
B. Stolen License Plate File:
1. License plate number;
2. NCIC number.
C. Stolen Boat File:
1. Registration document number;
2. Hull serial number;
3. Owner applied number;
4. NCIC number.
D. Stolen Gun File:
1. Serial number of gun;
2. NCIC number.
E. Stolen Article File:
1. Serial number of article;
2. Owner applied number;
3. NCIC number.
F. Securities File:
1. Type, serial number, denomination of security, and issuer for other
than U.S. Treasury issues and currency;
2. Type of security and name of owner of security;
3. Social Security number of owner of security (it is noted the
requirements of the Privacy Act with regard to the solicitation of
Social Security numbers have been brought to the attention of the
members of the NCIC system);
4. NCIC number.
G. Wanted Person File:
1. Name and one of the following numerical identifiers:
a. Date of birth;
b. FBI number (number assigned by the Federal Bureau of Investigation
to an arrest fingerprint record);
c. Social Security number (it is noted the requirements of the Privacy
Act with regard to the solicitation of Social Security numbers have
been brought to the attention of the members of the NCIC system);
d. Operator's license number (driver's number);
e. Miscellaneous identifying number (military number or number
assigned by Federal, state, or local authorities to an individual's
record);
f. Originating agency case number;
2. Vehicle or license plate known to be in the possession of the
wanted person;
3. NCIC number.
H. Foreign Fugitive File: See G, above.
I. Interstate Identification Index File:
```

```
1. Name, sex, race, and date of birth;
2. FBI number;
3. State identification number;
4. Social Security number;
5. Miscellaneous identifying number.
J. Witness Security Program File: See G, above.
K. BATF Violent Felon File: See G, above.
L. Missing Person File: See G, above, plus the age, sex, race, height
and weight, eye and hair color of the missing person.
M. U.S. Secret Service Protective File: See G, above.
N. Violent Criminal Gang File: See G, above.
O. Terrorist File: See G, above.
P. Unidentified Person File: the age, sex, race, height and weight,
eye and hair color of the unidentified person.
```

**Safeguards:** Data stored in the NCIC is documented criminal justice agency information and access to that data is restricted to duly authorized criminal justice agencies. The following security measures are the minimum to be adopted by all criminal justice agencies having access to the NCIC.

Interstate Identification Index (III) File. These measures are designed to prevent unauthorized access to the system data and/or unauthorized use of data obtained from the computerized file.

1. Computer Center. a. The criminal justice agency computer site must have adequate physical security to protect against any unauthorized personnel gaining access to the computer equipment or to any of the stored data. b. Since personnel at these computer centers can have access to data stored in the system, they must be screened thoroughly under the authority and supervision of an NCIC control terminal agency. (This authority and supervision may be delegated to responsible criminal justice agency personnel in the case of a satellite computer center being serviced through a state control terminal agency.) This screening will also apply to non-criminal justice maintenance or technical personnel. c. All visitors to these computer centers must be accompanied by staff personnel at all times. d. Computers having access to the NCIC must have the proper computer instructions written and other built-in controls to prevent criminal history data from being accessible to any terminals other than authorized terminals. e. Computers having access to the NCIC must maintain a record of all transactions against the criminal history file in the same manner the NCIC computer logs all transactions. The NCIC identifies each specific agency entering or receiving information and maintains a record of those transactions. This transaction record must be monitored and reviewed on a regular basis to detect any possible misuse of criminal history data. f. Each State Control terminal shall build its data system around a central computer, through which each inquiry must pass for screening and verification. The configuration and operation of the center shall provide for the integrity of the data base.

2. Communications: a. Lines/channels being used to transmit criminal history information must be dedicated solely to criminal justice, i.e., there must be no terminals belonging to agencies outside the criminal justice system sharing these lines/channels. b. Physical security of the lines/channels must be protected to guard against clandestine devices being utilized to intercept or inject system traffic.

3. Terminal Devices Having Access to NCIC: a. All agencies having terminals on this system must be required to physically place these terminals in secure locations within the authorized agency. b. The agencies having terminals with access to criminal history must screen terminal operators and restrict access to the terminal to a minimum number of authorized employees. c. Copies of criminal history data obtained from terminal devices must be afforded security to

prevent any unauthorized access to or use of the data. d. All remote terminals on NCIC III will maintain a manual or automated log of computerized criminal history inquiries with notations of individuals making requests for records for a minimum of one year.

**Retention and disposal:** Unless otherwise removed, records will be retained in files as follows:

```
A. Vehicle File: a. Unrecovered stolen vehicle records (including
snowmobile records) which do not contain vehicle identification
numbers (VIN) or Owner-applied number (OAN) therein, will be purged
from file 90 days after date of entry. Unrecovered stolen vehicle
records (including snowmobile records) which contain VIN's or OANs
will remain in file for the year of entry plus 4.
b. Unrecovered vehicles wanted in conjunction with a felony will
remain in file for 90 days after entry. In the event a longer
retention period is desired, the vehicle must be reentered. c.
Unrecovered stolen VIN plates, certificates of origin or title, and
serially numbered stolen vehicle engines or transmissions will remain
in file for the year of entry plus 4.

(Job No. NC1-65-82-4, Part E. 13 h.(1))

B. License Plate File: Unrecovered stolen license plates will remain
in file for one year after the end of the plate's expiration year as
shown in the record.

(Job No. NC1-65-82-4, Part E. 13 h.(2))

C. Boat File: Unrecovered stolen boat records, which contain a hull
serial number of an OAN, will be retained in file for the balance of
the year entered plus 4. Unrecovered stolen boat records which do not
contain a hull serial number or an OAN will be purged from file 90
days after date of entry.

(Job No. NC1-65-82-4, Part E. 13 h.(6))

D. Gun file: a. Unrecovered weapons will be retained in file for an
indefinite period until action is taken by the originating agency to
clear the record. b. Weapons entered in file as "recovered" weapons
will remain in file for the balance of the year entered plus 2.

(Job No. NC1-65-82-4, Part E. 13 h.(3))

E. Article File: Unrecovered stolen articles will be retained for the
balance of the year entered plus one year.

(Job No. NC1-65-82-4, Part E. 13 h.(4))

F. Securities File: Unrecovered stolen, embezzled or counterfeited
securities will be retained for the balance of the year entered plus
4, except for travelers checks and money orders, which will be
retained for the balance of the year entered plus 2.

(Job No. NC1-65-82-4, Part E. 13 h.(5))

G. Wanted Person File: Person not located will remain in file
indefinitely until action is taken by the originating agency to clear
the record (except "Temporary Felony Wants", which will be
automatically removed from the file after 48 hours).

(Job No. NC1-65-87-114, Part E. 13 h.(7))
```

```
H. Foreign Fugitive File: Person not located will remain in file
indefinitely until action is taken by the originating agency to clear
the record.
I. Interstate Identification Index File: When an individual reaches
age of 80.


(Job No. NC1-65-76-1)


J. Witness Security Program File: Will remain in file until action is
taken by the U.S. Marshals Service to clear or cancel the records.
K. BATF Violent Felon File: Will remain in file until action is taken
by the BATF to clear or cancel the records.
L. Missing Persons File: Will remain in the file until the individual
is located or action is taken by the originating agency to clear the
record.


(Job No. NC1-65-87-11, Part E 13h (8))


M. U.S. Secret Service Protective File: Will be retained until names
are removed by the U.S. Secret Service.
N. Violent Criminal Gang File: Records will be subject to mandatory
purge if inactive for five years.
O. Terrorist File: Records will be subject to mandatory purge if
inactive for five years.
P. Unidentified Person File: Will be retained for the remainder of the
year of entry plus 9.
```

**System manager(s) and address:** Director, Federal Bureau of Investigation, J. Edgar Hoover Building, 10th and Pennsylvania Avenue NW, Washington, DC 20535.

**Notification procedure:** Same as the above.

**Record access procedures:** It is noted the Attorney General has exempted this system from the access and contest procedures of the Privacy Act. However, the following alternative procedures are available to requester. The procedures by which computerized criminal history record information about an individual may be obtained by that individual are as follows:

If an individual has a criminal record supported by fingerprints and that record has been entered in the NCIC III file, criminal history record information, it is available to that individual for review, upon presentation of appropriate identification and in accordance with applicable State and Federal administrative and statutory regulations. Appropriate identification includes being fingerprinted for the purpose of insuring that the individual is who the individual purports to be. The record on file will then be verified through comparison of fingerprints.

Procedure: 1. All requests for review must be made by the subject of the record through a law enforcement agency which has access to the NCIC III File. That agency within statutory or regulatory limits can require additional identification to assist in securing a positive identification.

2. If the cooperative law enforcement agency can make an identification with fingerprints previously taken which are on file locally and if the FBI identification number of the individual's record is available to that agency, it can make an on-line inquiry of NCIC to obtain the record on-line or, if it does not have suitable equipment to obtain an on-line response, obtain the record from Washington, DC by mail. The individual will then be afforded the opportunity to see that

record.

3. Should the cooperating law enforcement agency not have the individual's fingerprints on file locally, it is necessary for that agency to relate the prints to an existing record by having the identification prints compared with those already on file in the FBI or possibly in the State's central identification agency.

**Contesting record procedures:** The Attorney General has exempted this system from the contest procedures of the Privacy Act. Under this alternative procedure described above under "Record Access Procedures," the subject of the requested record shall request the appropriate arresting agency, court, or correctional agency to initiate action necessary to correct any stated inaccuracy in subject's record or provide the information needed to make the record complete.

**Record source categories:** Information contained in the NCIC system is obtained from local, state, Federal and international criminal justice agencies.

**Systems exempted from certain provisions of the Privacy Act:** The Attorney General has exempted this system from subsection (c) (3) and (4), (d), (e)(1) (2), and (3), (e)(4) (G), (H), (e) (5), (e)(8) and (g) of the Privacy Act pursuant to 5 U.S.C. 552a(j)(2) and (k)(3). Rules have been promulgated in accordance with the requirements of 5 U.S.C. 553 (b), (c) and (e) and have been published in the Federal Register.

## Sources and Resources

- National Crime Information Center
- Campaign to Require Accuracy for NCIC @Electronic Privacy Information Center

---

FAS | Intelligence | Justice | FBI | Information Systems |||
Join FAS

---

https://irp.fas.org/agency/doj/fbi/is/ncic.htm
Created by John Pike
Maintained by Steven Aftergood
Updated June 2, 2008