# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL SMITH, | Case No. 5:23-cv-02198 |
| Plaintiff, | Judge Benita Y. Pearson |
| v. | |
| FLOCK SAFETY, | |
| Defendant. | |

## RESPONSE IN OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT

Defendant Flock Group Inc. d/b/a Flock Safety ("Flock") files this Response in Opposition to Plaintiff Michael Smith's ("Smith") Motion to Alter or Amend Judgment.

## INTRODUCTION

On April 15, 2024, the Court issued a detailed, 21-page Memorandum of Opinion and Order dismissing Smith's Second Amended Complaint. *See* ECF No. 38. Due to the nature of Smith's claims, the Court also certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from the decision could not be taken in good faith. *Id.* at 21.

Smith now seeks the extraordinary remedy of reconsideration of the Court's April 15 order and removal of the certification under 28 U.S.C. § 1915(a)(3). However, Smith fails to articulate any grounds that warrant the grant of such extraordinary relief. Instead, Smith merely repeats arguments that he raised in opposition to Flock's motions to dismiss, and vaguely asserts that he has "new evidence," which – even if true – would have no effect on the Court's holding. Ultimately, Smith's Motion is nothing more than an improper attempt to re-litigate issues that were fully addressed in the Court's dismissal order. Accordingly, Flock requests the denial of Smith's Motion.

**LEGAL STANDARD**

Resolution of a motion for reconsideration under Fed. R. Civ. P. 59(e) is within the discretion of the District Court.  *Rhinefrank v. Abbott Laboratories, Inc.*, 137 F. Supp. 3d 1035, 1038 (S.D. Ohio 2015).  However, motions for reconsideration are disfavored.  *Id.* (citing *Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04–CV–889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) ("a motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources")).  A motion for reconsideration is unfounded unless it either calls attention to an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law.  *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003).

**RESPONSE**

Smith fails to articulate any grounds that warrant reconsideration of the Court's dismissal order.  Smith principally argues that the Court erred as a matter of law in dismissing his Section 1983, products liability, negligence, defamation, intentional infliction of emotional distress, misappropriation of name and likeness, unjust enrichment, fraudulent concealment, and conversion claims.  *See* ECF No. 40 at 3-6.  Essentially, Smith's argument is that he pled facts sufficient to state a claim for each of those causes of action.  Smith cannot use Rule 59(e) to re-litigate issues that were squarely addressed by the Court.  *See*, *e.g.*, *J.P. v. Taft*, No. C2–04–692, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006) ("a Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment").

Smith also vaguely asserts that he "has discovered new evidence that was not previously available," which Smith "believes…could materially impact the Court's analysis of the state action

2

requirement." *See* ECF No. 40 at 6. Tellingly, Smith provides no details whatsoever about this purported "new evidence." However, even assuming the truth of Smith's assertion that such evidence exists, such evidence would have no impact on the Court's decision to dismiss Smith's Section 1983 claim. "[I]n order to bring a § 1983 claim, a plaintiff must begin by identifying a violation of an existing constitutional right." *Tate v. Comrie*, No. 5:16-cv-3090, 2018 WL 1409288, at *7 (N.D. Ohio Mar. 21, 2018). Smith's Motion ignores entirely the portion of the Court's order holding that Smith failed to allege facts supporting a plausible claim that Flock violated any of his constitutional rights. *See* ECF No. 38 at 11-12. Thus, Smith's Section 1983 claims would fail regardless of any purported new evidence of alleged "state action" by Flock.

## CONCLUSION

For those reasons, Flock respectfully requests that the Court deny Plaintiff's Motion.

Dated: May 7, 2024

Respectfully submitted,

*/s/ Michael P. Pest*
Michael P. Pest (00099289)
Duane Morris LLP
625 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
(412) 497-1035
(412) 291-3398 (facsimile)
mppest@duanemorris.com

*Counsel for Flock Group Inc.*

3

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of May, 2024, the foregoing was filed with the Court's electronic filing system and a copy was served on Plaintiff by U.S. Mail, postage prepaid, and email at the following address:

Michael Smith
1225 Skyline Drive, Apt. 105
Orrville, OH 44667
msmith0315@starkstate.net

/s/ *Michael P. Pest*
Michael P. Pest