PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SMITH, | ) |
| Plaintiff, | ) CASE NO. 5:23-CV-2198 |
| v. | ) JUDGE BENITA Y. PEARSON |
| FLOCK SAFETY | ) |
| Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** |
| | ) [Resolving ECF Nos. 40, 41] |

Pending before the Court is *pro se* Plaintiff Michael Smith's Motion to Alter or Amend Judgment (ECF No. 40), and Motion to Recuse (ECF No. 41). The matters are fully briefed. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons below, both motions are denied.

**I.     Background**

The Court entered a Memorandum of Opinion and Order granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. *See* 4/15/24 Memorandum of Opinion and Order (ECF No. 38). Judgment was entered the following day. *See* Judgment Entry (ECF No. 39). Ultimately, the Court determined that Defendant was not a state actor against whom Plaintiff could bring 42 U.S.C. § 1983 claims; Plaintiff had not plausibly alleged a violation of a constitutional right; and that Plaintiff's product liability claims and common law tort claims were without merit.

(5:23-CV-2198)

Plaintiff moves for reconsideration, arguing that the Court erred. Plaintiff argues the Court made a clearly erroneous finding that Defendant was not a state actor. ECF No. 40 at PageID #: 1026. As for Plaintiff's product liability claims, Plaintiff argues the Court may have erred in its application of Ohio's product liability statutes because Defendant "disseminated false information about the Plaintiff without verifying and making sure the information contained was actually true." ECF No. 40 at PageID #: 1028. Plaintiff also argues that Defendant had a duty to warn Plaintiff because Plaintiff "was a user of the product; he took advantage of the picture-capturing capabilities when he drove by willingly by the camera, which was in clear sight, on a black pole."[1] See Reply in Supp. Of Mot. To Alter/Amend J. (ECF No. 44) at PageID #: 1273. Plaintiff alternatively provides that if the Court does not find him to be a "user," he should be considered an incidental user and/or bystander. ECF No. 44 at PageID #: 1273. Plaintiff also repeats arguments about his negligence and defamation claims. ECF No. 40 at PageID #: 1028. Plaintiff rehashes his unjust enrichment and misappropriation claims. ECF No. 44 at PageID #: 1273-1275. Plaintiff then also argues that the Court cannot rely on materials from outside the pleadings (ECF No. 44 at PageID #: 1269), and that the Court "cites one case law, which has since been overruled in one part of another." ECF No. 44 at PageID #: 1268.

Defendant responds that Plaintiff's Motion "is nothing more than an improper attempt to re-litigate issues that were fully addressed in the Court's dismissal order." See Resp. in Opp'n to Mot. To Alter or Amend J. (ECF No. 42) at PageID #: 1259. Defendant also retorts Plaintiff

---

[1] Plaintiff sets forth additional arguments in his Reply that were not included in the original motion. Generally, a party cannot raise new issues for the first time in a reply brief because consideration of such issues deprives the non-moving party an opportunity to address the new arguments. Murray v. City of Elizabethton, Tennessee, 661 F. Supp. 3d 786, 804 (E.D. Tenn. 2023).

2

(5:23-CV-2198)

alleges he has newly discovered evidence that could impact the Court's analysis, but Plaintiff provides no information about the alleged "new evidence." ECF No. 42 at PageID #: 1260-61. Finally, Defendant intones that even if Plaintiff had new evidence to better support the assertion that it could be considered a state actor, "such evidence would have no impact on the Court's decision to dismiss [Plaintiff's] Section 1983 claim. . . [Plaintiff's] Motion ignores entirely the portion of the Court's order holding that [Plaintiff] failed to allege facts supporting a plausible claim that [Defendant] violated any of his constitutional rights." ECF No. 42 at PageID #: 1261.

In his second motion, Plaintiff calls for the Court's recusal, alleging serious concerns about the Court's adherence to due process and judicial impartiality towards *pro se* plaintiffs, and accusing the Court of having giving deference to Defendant's words. ECF No. 41 at PageID #: 1034-36. In a desperate salvo, Plaintiff compares his case to the mass tort litigation resulting from the catastrophic train derailment in East Palestine, Ohio, arguing the length of the orders in the cases are drastically different.[2] ECF No. 41 at PageID #: 1040-43. In opposition, Defendant recounts the measures undertaken by the Court and retorts that Plaintiff's allegations lack any basis in fact or law. Defendant concludes that, even with his positions liberally construed, there was no disparity in the judicial treatment of the parties, and that the Court's certification pursuant to 28 U.S.C. § 1915(a)(3) was proper, "give that [Plaintiff's] proposed action [was] wholly without merit and [would] be futile." *See* Response in Opp'n to Mot. To Recuse (ECF No. 43).

---

[2] Plaintiff's refers to *In re*: *East Palestine Train Derailment*, Case No. 4:23-CV-242.

3

(5:23-CV-2198)

## II.

## Legal Standard

A. **Fed. R. Civ. P. 59(e)**

Fed. R. Civ. P. 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted). "The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation omitted). A motion to alter or amend a judgment is "extraordinary and is seldom granted because it contradicts notions of finality and repose." *Amin v. Konteh*, No. 3:05CV2303, 2008 WL 5111091, at *2 (N.D. Ohio Dec. 1, 2008). "A plaintiff cannot use a Rule 59 motion . . . 'to raise arguments which could, and should, have been made before judgment issued.'" *Leisure*, 616 F.3d at 616 (citation omitted).

B. **Recusal**

A judge shall disqualify herself from a case if her "impartiality might reasonably be questioned" or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings . . ." 28 U.S.C. §§ 455(a), (b)(1). This

(5:23-CV-2198)

statute imposes an objective standard that examines whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)). "[T]he question is whether, given the facts, an objective reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 369 (6th Cir. 2023) Judges are presumed to be impartial, and the "substantial burden" to prove otherwise is on the party seeking the judge's recusal. *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007).

Prejudice or bias means "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it rests upon knowledge that the subject ought not possess . . ., or because it is excessive in degree . . ." *Id.* (citing *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006)). Allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *United States v. White*, 582 F. Supp. 3d 525, 535 (E.D. Mich. 2022) (citing *Easley v. Univ. of Mich. Bd. Of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988)). As a practical matter, the only basis for establishing bias or prejudice is an "extrajudicial source." *United States v. Howard*, 218 F.3d 556, 566 (6th Cir. 2000). Put differently, proving personal bias requires a showing of "some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).

5

(5:23-CV-2198)

### III.

### Analysis

**A. Plaintiff's Motion to Alter or Amend Judgment**

Plaintiff provides no reason for the Court to alter or amend its ruling. Rather, Plaintiff's motion improperly reargues his Complaint.

A Rule 59(e) motion does not permit "an opportunity to re-argue a case", or "simply reassert old arguments." (first quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), then quoting *Beasley v. United States*, No. 24-5092, 2024 WL 5400265, *2 (6th Cir. Aug. 16, 2024)). As stated on the web page of the undersigned,

> parties should not be free to relitigate issues a court has already decided. Therefore, motions to alter or amend a judgment or for reconsideration should not be filed as a matter of routine. "Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *Jefferson v. Security Pac. Fin. Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995).

*Personal Preferences*, UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO, https://www.ohnd.uscourts.gov/judge-pearsons-personal-preferences. Plaintiff, for example, argues that the Court erred in dismissing his 42 U.S.C. § 1983 claim, because the Second Amended Complaint containing "over 100 pages (over 300 with the exhibits)" alleges "Defendants actions (using government buildings, writing PR statements, writing laws for city councils, writing social media posts)". ECF No. 40 at PageID #: 1026-27. This argument re-asserts the same arguments Plaintiff raised in his opposition to the motion to dismiss. *See* Pl.'s Opp'n to Flock's Mot. To Dismiss (ECF No. 32) at PageID #: 959-961.[3]

---

[3] To the extent Plaintiff suggests that his Complaint should have survived dismissal because its "over 100 pages (over 300 with the exhibits)", that argument also lacks merit. The Court is not obligated to mine the entire record for some specific facts that might

6

(5:23-CV-2198)

The Court's ruling speaks for itself.  Plaintiff fails to demonstrate a clear error of law, an intervening change in the law, newly discovered evidence, or a manifest injustice.  And "[w]hile the outcome is adverse to Plaintiff, [the judgment in favor of Defendant Flock Safety] was not based either legally or factually on a 'fundamental flaw . . . that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Clark v. Kasich*, No. 4:16CV2430, 2018 WL 692071, at *3 (N.D. Ohio Feb. 2, 2018) (Pearson, J.) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).  Plaintiff has presented no justification for a different result.

The Court is not persuaded by Plaintiff's contention that the Court erred by considering materials outside the record.  On a motion made under Rule 12(b)(6), the Court's inquiry is generally limited to the content of the complaint, "[h]owever, the court may, in undertaking a 12(b)(6) analysis, take judicial notice of 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'"  *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883-84 (6th Cir. 2023) (citation omitted) (finding that it was not improper for the district court to consider the filing without converting the motion to dismiss into a motion for summary judgment).  Accordingly, the Court appropriately considered public records that Plaintiff had attached and relied on in his own case.  *See* Second Amended Complaint, *Smith v. Haddadin*, No. 5:23 CV 1171 (N.D. Ohio Nov. 28, 2023).

The Court is also not persuaded that it improperly relied on "bad case law" by citing *Parratt* v. *Taylor*, 451 U.S. 527 (1981).  ECF No. 44 at PageID #: 1268.  The Court cites *Parratt*

---

support the Plaintiff's claim.  *See Parks v. Fed. Exp. Corp.*, 1 F. App'x 273, 277 (6th Cir. 2001) (holding that "[t]he district court was not required to examine the record to support Plaintiffs' case" after Plaintiff identified no factual allegations establishing why dismissal was improper) (citing *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989))

7

(5:23-CV-2198)

to establish the standard for a *prima facie* case under 42 U.S.C. § 1983, that a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. 451 U.S. at 535. The case Plaintiff cites *Daniels v. Williams* which overrules *Parratt* on an unrelated point. 474 U.S. 327, 330 (1986) (overruling to the extent *Parrat* holds that an injury caused by negligence is a deprivation within the meaning of the Due Process Clause). The Court did not cite "bad case law," as additionally evidenced by Sixth Circuit opinions citing to *Parratt* after *Daniels*. *See* Cairelli v. Vakilian, 80 F. App'x 979, 983 (6th Cir. 2003); King v. City of Eastpointe, 86 F. App'x 790, 801 (6th Cir. 2003).

### B. Motion to Recuse

Plaintiff argues that, as a *pro se* litigant, the Court subjected him to a dismissive approach. ECF No. 41 at PageID #: 1034. Plaintiff, for example complains that the Court instructed defense counsel to contact Plaintiff when the date of the Case Management Conference changed. ECF No. 41 at PageID #: 1034. As Defendant explains, "not only is this [a represented party notifying a *pro s*e party] standard practice in any case involving a *pro se* party that is not registered to receive ECF notifications, it directly contradicts [Plaintiff]'s claim of unfair treatment." ECF No. 42 at PageID #: 1264.

Plaintiff's call for recusal for personal bias or prejudice fails as a matter of law. Plaintiff did follow the procedural requirements under 28 U.S.C. § 144, which requires a filing of an affidavit and certificate of good faith. *See* Youn v. Track, Inc., 324 F.3d 409, 423 (6th Cir. 2003) (denying plaintiffs motion for recusal that set forth allegations of bias or prejudice without an affidavit, because "[r]ecusal is never granted without the

8

(5:23-CV-2198)

affidavit.") (citation omitted). Plaintiff's call for recusal also does not meet the circumstances for bias or prejudice outlined under 28 U.S.C. § 455.

More to the point, the Court could not communicate expediently with Plaintiff because there was no email address or cell number registered on the docket for Plaintiff, so the Court employed a standard practice of instructing defense counsel to notify Plaintiff of a change in time and date so that Plaintiff would be privy to all the information defense counsel received electronically. Plaintiff's contortion of this courtesy is without merit. The Court did not treat Plaintiff unfairly or with bias at any time.

Plaintiff claims that there are "serious concerns about the Court's adherence to due process and judicial impartiality" because "the Court did not appear to consider certain well-established case law." ECF No. 41 at PageID #: 1035. This argument does not meet any standard set by 28 U.S.C. § 455. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litecky v. United States*, 510 U.S. 540, 555 (1994) (finding that a court's ruling does not provide grounds for recusal unless those rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Plaintiff's attacks are without merit.

Plaintiff 's argument that there is a "stark contrast in the treatment of Plaintiff's *pro se* complaint" compared to the Plaintiffs in the train derailment case fails to apprehend the inherent authority of a court to manage its docket. ECF No. 41 at PageID #: 1041. District courts may direct proceedings efficiently for the benefit of all involved in litigation. *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010). The Supreme Court has also recognized a district court's "inherent power" to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). It is within the Court's power and

9

(5:23-CV-2198)

discretion to effectively manage cases. The Court gives each case the time and attention each requires. Plaintiff's case is no exception.

Finally, Plaintiff complains of the Court's certification under 28 U.S.C. § 1915(a)(3), that an appeal from its Order dismissing his case (ECF No. 38) could not be taken in good faith, and suggests that ruling "merits scrutiny as it potentially violates the Due Process Clause as the Judge took the Plaintiff's away a right [sic] to proceed *in forma pauperis* at the Appeal Court." ECF No. 41 at PageID #: 1038. Plaintiff also contends that the Certification is prejudicial and unwarranted (ECF No. 41 at PageID #: 1038), and insists that the Court should provide a detailed analysis warranting the Certification. *Id*.

The Court dismissed Plaintiff's Second Amended Complaint because the claims lacked merit. As Defendant responded, "it is a court's *duty* to certify that an appeal cannot be taken in good faith "where it is clear that the proposed action is wholly without merit and will be futile." *U.S. v. Lott,* 171 F. Supp. 178, 180 (W.D. Ky. 1959).

### IV. Conclusion

For the reasons above, Plaintiff's Motion to Amend or Alter the Judgment (ECF No. 40) and Motion to Recuse (ECF No. 41) are denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| March 20, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

10